IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAREN S.**[1], | Case No. 2:18-cv-216-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | |
| Defendant. | |

Brian Scott Wayson and Tiffany Blackmon, CASCADIA DISABILITY LAW LLC, PO Box 12028, Portland, OR 97212. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Karen S. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33. For the following reasons, the Commissioner's decision is REVERSED AND REMANDED on the issue of Plaintiff's vertigo.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-96 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born in 1955 and was 57 years old on the alleged disability onset date. Plaintiff had a twelfth-grade education and had worked as a school bus driver and special education assistant. Plaintiff stopped working after Plaintiff fell out of the back of a bus and sustained injuries. Plaintiff filed applications for disability benefits in February 2014, alleging disability beginning June 1, 2013, due to physical and mental impairments. In June 2017, an Administrative Law Judge ("ALJ") heard testimony from Plaintiff—who was represented by an attorney—and from a vocational expert. The ALJ denied Plaintiff's application on July 5, 2017. Plaintiff timely requested review, which the Appeals Council denied on December 13, 2017. This appeal followed.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

§§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2013, the alleged onset date. At step two the ALJ found that Plaintiff had severe impairments of morbid obesity; degenerative disc disease of the cervical spine, status post fusion surgery in 2013 and a self-healing cervical fracture in 2016; headaches; status post bilateral total knee arthroplasty in 2015 and 2016; status post right shoulder repair; and right lateral epicondylitis as of January 2017. At step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ found Plaintiff had the residual functional capacity to perform a full range of sedentary work, but that she must have an option to sit or stand while remaining on task; that she can occasionally balance or stoop; that she must avoid climbing, kneeling, crouching, or crawling; and that she can occasionally reach overhead with the right upper extremity. The ALJ

PAGE 5 – OPINION AND ORDER

found that Plaintiff's subjective symptom testimony was not entirely consistent with the medical evidence and other evidence in the record. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a customer service representative. The ALJ concluded that Plaintiff had not been under a disability from June 1, 2013, through the date of the ALJ's decision.

## DISCUSSION

Plaintiff makes the following three arguments for why the Commissioner's decision should be reversed: the ALJ erred by (1) improperly rejecting a treating source opinion; (2) rejecting third-party statements; and (3) finding Plaintiff's mental impairments to be non-severe. The Court addresses each of these contentions in turn.

### A. The ALJ's Rejection of Treating Source Opinion

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* SSR 96–2p, 1996 WL 374188, at *1 (July 2, 1996). A treating physician's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating physician's opinion is contradicted by the opinion of another

physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when [the ALJ] gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include: the opinion's reliance on a claimant's properly discredited subjective complaints, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); the opinion's inconsistency with medical records, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); the opinion's inconsistency with a claimant's testimony, *Andrews*, 53 F.3d at 1042-43; the opinion's inconsistency with a claimant's reported activities of daily living, *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); or the fact that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228. An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that

fails to offer a substantive basis" for the ALJ's conclusion. *Garrison¸* 759 F.3d at 1012-13; *see also Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (noting that an ALJ effectively rejects a physician's opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d 715, 725 (9th Cir. 1998)). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "The opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id.* at 600 (noting that opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Plaintiff argues that the ALJ improperly rejected the treating source opinion of Bruce Williams, M.D., who was Plaintiff's longtime treatment provider, insofar as the ALJ "did not explain which portions of [Dr. Williams'] opinion were being rejected, and failed to point which evidence was allegedly inconsistent with which portions of the opinion." ECF 13. Plaintiff argues that Dr. Williams' opinion was uncontradicted, and therefore that the ALJ needed to provide clear and convincing reasons to reject it. *Lester*, 81 F.3d at 830-32. Plaintiff acknowledges that when a treating physician's opinion is inconsistent with the opinions of other treating or examining physicians, the ALJ may reject the treating physician's opinion when the

ALJ gives specific and legitimate reasons for doing so that are based on substantial evidence in the record. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007).

The Commissioner responds that a fair reading or the record shows that the opinions of State agency medical consultants conflicted with Dr. Williams' opinion. In support, the Commissioner refers to *Widmark v. Barnhart*, 454 F.3d 1063 (9th Cir. 2006). In *Widmark*, the Ninth Circuit found that an examining doctor's opinion was contradicted by a state agency non-examining doctor's opinion because "a fair reading of the record" showed that the examining doctor's opinion was "inconsistent with the brief, conclusory opinion of the state agency reviewing physician." *Id.* at 1066.

The Court agrees with the Commissioner. In October 2014 and March 2015, State agency medical consultants Neal E. Berner, M.D., and Roy C. Brown, M.D., reviewed the available evidence. Plaintiff expressly acknowledges that Dr. Williams was given a summary of the State agency medical consultants' opinion, and that the consultants' opinion "amounted to a light RFC, with some postural and manipulative limitations." ECF 13. Plaintiff further acknowledges that Dr. Williams "indicated he disagreed with the [consultants'] opinion, stating that Ms. Smith's limitations were 'much greater' than the State agency opinion accounted for." ECF 13. Because Dr. Williams' opinion regarding Plaintiff's postural and manipulative limitations was contradicted by the State agency medical consultants' opinion, the ALJ needed only to give specific and legitimate reasons based on substantial evidence in the record for rejecting Dr. Williams' opinion on those issues. *Lingenfelter*, 504 F.3d at 1042.

The same is true regarding the ALJ's rejection of Dr. Williams' opinion of Plaintiff's ability to focus, as that opinion also was contradicted by the State agency medical consultants' opinion. Dr. Berner found:

> Exams have been negative for psych limits and there have not been any ER visits or hospitalizations for psych. The ct states in her ADL's that *she has trouble with concentration and lists depression as a side effect of her meds*. She states that she has less motivation to do things and has noticed more depression. At this time the ct's depression *does not appear to be causing any significant limits and objective evidence does not support ordering an exam*.

ECF 11-4 (emphasis added). Dr. Williams' opinion on Plaintiff's trouble with concentration, therefore, also was contradicted.

Because the aspects of Dr. Williams' opinion that the ALJ rejected were contradicted, the ALJ needed only to describe specific and legitimate reasons based on the substantial evidence in the record in order to reject them. The Court finds that the ALJ did so. The Court also finds, in contrast to what Plaintiff argues, that the ALJ explained which portions of Dr. Williams' opinion she was rejecting and pointed to the evidence that was inconsistent with Dr. Williams' opinion. The ALJ held:

> I decline to adopt Dr. Williams's proposed postural limitations, as they are not reasonably consistent with the evidence of record- including the physician's own treatment notes. For instance, the physician noted in January 2017 that the claimant presented in no acute distress with a normal gait and station. The claimant was "well appearing" and demonstrated normal mood, affect, judgment, and insight. It is possible that Dr. Williams uncritically accepted the claimant's subjective complaints in arriving at the conclusion that would lose focus over 50% of the workday due to headaches. The physician's conclusion is not consistent with other treatment records from early 2017 that indicate the claimant was alert and in no acute distress despite evidence of tenderness and swelling. The claimant reportedly exhibited normal range of upper extremity motion in March 2017 with no deficit in sensation, reflexes, or motor function. The claimant''s speech, cognition, and mood were all characterized as "normal."

AR 23 (citations omitted). Inconsistency with medical records is an appropriate specific and legitimate reason to reject a contradicted medical opinion under Ninth Circuit precedent. *Tommasetti*, 533 F.3d at 1041. The reasons the ALJ gave were based on substantial evidence

PAGE 10 – OPINION AND ORDER

because the ALJ cited the conflicting medical evidence, stated her interpretation thereof, and made findings. *Garrison*, 759 F.3d at 1012. The ALJ's rejection of aspects of Dr. Williams' opinion therefore was not reversible error.

## B. The ALJ's Rejection of Third-Party Statements

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant''s ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects a claimant's ability to work is "competent evidence." *Id.* Thus, an ALJ may not reject such testimony without comment. *Id.* In rejecting lay testimony, the ALJ need not "discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

An ALJ errs by "failing to explain her reasons for disregarding . . . lay witness testimony, either individually or in the aggregate." *Id.* at 1115. This error may be harmless "where the testimony is similar to other testimony that the ALJ validly discounted, or where the testimony is contradicted by more reliable medical evidence that the ALJ credited." *Id.* at 1118–19. Additionally, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'" *Id.* at 1121-22 (alterations in original) (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)). When an ALJ ignores uncontradicted lay witness testimony that is favorable to the claimant, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have

reached a different disability determination." *Stout*, 454 F.3d at 1056. Plaintiff argues that the ALJ improperly rejected the testimony of three lay-witnesses: Ann T., Dafne S., and Timothy S.

**1. Ann Tackitt**

The ALJ found that Ann T., the Plaintiff's sister, "reported that the claimant's headaches, constant pain, and vertigo issues prevent her from working or engaging in a variety of outside activities she formerly enjoyed." AR 23. But the ALJ then noted "there is no evidence of vertigo in the claimant's medical records. While the claimant's chronic pain symptoms may reasonably interfere with camping and four-wheeling trips, the medical records cited above suggest she remains capable of sustaining sedentary tasks on a regular and continuous basis." *Id.* Plaintiff argues that this was error (1) because Plaintiff's medical records contained evidence of vertigo, including a listed diagnosis that required treatment with physical therapy, and (2) because Plaintiff had reported significant issues due to her vertigo.

The Commissioner concedes that the ALJ erred in finding that there was no evidence of vertigo in the claimant's medical records. The Commissioner argues, however, that the error was harmless because the record contains no evidence that vertigo was a longstanding impairment lasting at least 12 months. For support, the Commissioner cites 42 U.S.C. § 423(d)(1)(A): "The term 'disability' means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."

The Court disagrees with the Commissioner because the record does contain evidence that Plaintiff's vertigo lasted for at least 12 months. Plaintiff's physical therapy evaluation indicates that Plaintiff's "dizziness began in approximately December 2015," AR 1571, and the ALJ denied Plaintiff's application in July 2017. AR 13. The fact that Plaintiff was still alleging vertigo as a disability 18 months after the onset date is evidence that the vertigo lasted for at least

PAGE 12 – OPINION AND ORDER

12 months. The transcript of the oral hearing, dated June 2017, contains even stronger evidence that Plaintiff's vertigo lasted for longer than 12 months. In the section of the transcript titled "Examination of Claimant by Attorney," the following exchange took place:

> Q: And then you also mentioned some vertigo?
>
> A: Yeah. It's kicked in *about two years ago* and sometimes you can lay on your bed and you get the spinnies or, if you get up too fast, you get the spinnies or if you bend over to get something, you lose your balance.

AR 51 (emphasis added). Therefore, the Court does not agree with the Commissioner's statement about the lack of evidence related to the duration of Plaintiff's vertigo.

Even if the Commissioner was correct, however, a plain reading of 42 U.S.C. § 423(d)(1)(A) shows that Plaintiff could still qualify as disabled even without evidence of her vertigo having lasted for at least 12 months. That provision defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted *or can be expected to last for a continuous period of not less than 12 months*." 42 U.S.C. § 423(d)(1)(A) (emphasis added). Even if Plaintiff's vertigo had not yet lasted 12 months, that fact would not be dispositive because the vertigo may still have qualified as a disability if it could be "expected to last for a continuous period of not less than 12 months." *Id.* Because the Commissioner offers no other argument for why this error was harmless, the Court finds that this issue must be remanded for further proceedings. *See Stout*, 454 F.3d at 1056 (when ALJ ignores uncontradicted lay witness testimony that is highly probative of a claimant's condition, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.")

Plaintiff also argues that the ALJ erred in rejecting Ms. T.'s testimony regarding Plaintiff's chronic pain symptoms based on "the medical records cited above [earlier in the ALJ's opinion]." AR 23. Plaintiff argues that the reference to medical records "cited above" is a "general statement" and is therefore "insufficient." ECF 13. Plaintiff cites no legal authority for why a reference to medical records discussed earlier in an ALJ's opinion is an insufficient reason to reject lay witness testimony. Instead, an ALJ errs by failing to "explain her reasons for disregarding . . . lay witness testimony, either individually or in the aggregate." *Molina*, 674 F.3d at 1115. The ALJ explained her reasons here, and therefore this portion of the ALJ's rejection of Ms. T.'s testimony was not reversable error.

### 2. Dafne S.

Plaintiff argues that the ALJ improperly rejected the statement of Dafne S., Plaintiff's daughter in law. The ALJ rejected Dafne S.'s claim that Plaintiff was in constant pain, and that this pain generally prevented Plaintiff from performing household chores or walking. The ALJ noted that multiple treatment providers had observed that Plaintiff presented in no acute distress upon examination. ECF 18. This is a reason germane to this witness, supported by substantial evidence, and therefore the ALJ could properly reject this portion of the testimony. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).

Plaintiff also alleges that the ALJ did not address certain aspects of Dafne S.'s testimony at all, namely her statement that Plaintiff could not engage in physical activity for longer than 15 to 30 minutes before needing to stop, and that Plaintiff suffered significantly due to her depression. Although the Court agrees that the ALJ did not specifically address these portions of Dafne S.'s testimony, such error may be harmless "where the testimony is similar to other testimony that the ALJ validly discounted, or where the testimony is contradicted by more reliable medical evidence that the ALJ credited." *Molina*, 674 F.3d at 1118–19. Dafne S.'s

PAGE 14 – OPINION AND ORDER

testimony regarding Plaintiff's depression and Plaintiff's inability to engage in physical activity for longer than 15 to 30 minutes was similar to Plaintiff's own testimony on these issues, which the ALJ discounted in part. The ALJ considered the four areas of mental functioning known as the "paragraph B" criteria in finding that Plaintiff's impairment of depression was non-severe, citing both medical record evidence and Plaintiff's own testimony in reaching her finding. AR 19-20. The ALJ also cited to medical record evidence such as Plaintiff's relatively normal physical examination that demonstrated Plaintiff's normal motion and strength. AR 22. The ALJ's failure to discuss Dafne S's testimony regarding Plaintiff's depression and inability to sustain physical activity for longer than 15 to 30 minutes was therefore harmless, as the testimony was contradicted by more reliable medical evidence that the ALJ credited. *Id.*

3. **Timothy S.**

Plaintiff's son Timothy S. wrote a letter to the ALJ. Timothy S. stated that Plaintiff could not walk long distances nor stand for a long period of time. The ALJ expressly responded to these observations by stating that she was setting forth a residual functional capacity restricting the Plaintiff "to sedentary tasks that allow her to alternate between sitting and standing positions to mitigate discomfort." AR 23. Plaintiff contends that the ALJ's RFC "failed to provide real guidance as to the need for alternating positions," and therefore the RFC "does not truly account for the limitations" that Timothy S. reported. Plaintiff does not identify any specific legal error because the ALJ did not disregard Timothy S.'s testimony. *See Bayliss v. Barnhard*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding ALJ's RFC proper because it "took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints"). The Court finds therefore that the ALJ did not reject Timothy S.'s testimony. Instead, the ALJ took the lay-witness's described limitations into account when she set out Plaintiff's RFC.

## C. The ALJ's Finding that Plaintiff's Mental Impairments were Non-Severe

Plaintiff argues that the ALJ erred in finding that Plaintiff had no severe mental impairment at step two of the sequential evaluation process. Plaintiff asserts that the ALJ did not sufficiently discuss the third-party witness statements, Plaintiff's testimony, or the medical records that supported the view that Plaintiff has a severe mental impairment. In Plaintiff's view this error was not harmless, because a finding of severe mental impairment would preclude Plaintiff's past relevant work, and Plaintiff would therefore have been found disabled.

The claimant bears the burden of proof at steps one through four. *Tackett*, 180 F.3d at 1098. The district court must affirm the Commissioner's decision if it is free from legal error and the findings are supported by substantial evidence. *Hammock*, 879 F.2d at 501. Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch*, 400 F.3d at 679.

The Court finds that the evidence regarding the severity of Plaintiff's mental impairment is susceptible to more than one rational interpretation, and therefore that the Commissioner's conclusion must be upheld. Plaintiff cites various pieces of evidence in the record that indicate that Plaintiff's mental impairment was severe, but variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson*, 359 F.3d at 1196. The ALJ noted that medical examinations documented Plaintiff's normal mood and affect, as well as normal judgment and insight. AR 19. The ALJ also found that the record evidence indicated that in the absence of headache symptoms, Plaintiff had "good" attention. *Id.* The ALJ noted that Plaintiff "acknowledged she could independently manage her own personal care without any special reminders or help." *Id.* Accordingly, the Court finds that the ALJ was

rational in her interpretation of the evidence that Plaintiff's mental impairments were non-severe, and therefore the ALJ's interpretation must be upheld. *Burch*, 400 F.3d at 679.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 30th day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge